Filed 11/20/18 | Case 18-20668 | Doc 289
5 Pages

STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
sfelderstein@ffwplaw.com
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Nations First Capital, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONS FIRST CAPITAL, LLC,<br>a California limited liability company,<br><br>Reorganized Debtor. | CASE NO. 18-20668-C-11<br><br>Chapter 11<br><br>FWP-19<br><br>Date: January 9, 2019<br>Time: 11:00 a.m.<br>Courtroom: 35<br>501 I Street, 6th Floor<br>Sacramento, CA |

**REORGANIZED DEBTOR'S OBJECTION TO CLAIM NO. 115**

**(Jean G. Decembre)**

     Nations First Capital, LLC, a California limited liability company, the Reorganized Debtor herein (the "Debtor" or "NFC"), hereby objects to the claim of Jean G. Decembre ("Decembre"), filed as Proof of Claim No. 115 in the amount of $388,000.00 (the "Decembre Claim"), pursuant to 11 U.S.C. §§ 502(a) and (b) and Federal Rule of Bankruptcy Procedure 3007(a), and on the following grounds:

**OBJECTION**

     The Debtor objects to the Decembre Claim on the grounds that: (i) the Decembre Claim fails to provide a legal basis for the Decembre Claim in any amount; and (ii) the Decembre Claim

-1-

Debtor's Objection to
Claim No. 115 (Decembre)

1  fails to provide any basis for the amount claimed.

2  　　Consequently, the Decembre Claim should be disallowed in full.

3  **A.**　　**Background**

4  　　1.　　On February 7, 2018, NFC commenced its chapter 11 reorganization case. NFC
5  filed this case in order to reorganize its financial affairs pursuant to a plan of reorganization that
6  will, among other things, allow for the realization of the maximum value of NFC's Lease
7  Portfolio.

8  　　2.　　On February 21, 2018, the Debtor filed its Summary of Assets and Liabilities for
9  Non-Individuals ("Schedules"). See Docket No. 39.

10  　　3.　　On May 7, 2018, Decembre caused to be filed the Decembre Claim in the above
11  entitled proceeding. A true and correct copy of the Decembre Claim is attached as Exhibit 1 to
12  the Exhibit Document filed currently herewith.

13  　　4.　　The Decembre Claim asserts a claim against the bankruptcy estate in the amount
14  of $388,000.00 based on a "lease," presumably the lease between the Debtor and Decembre, dba
15  Ale Transportation. Ale Transportation was a lessee of a semi-truck lease from the Debtor,
16  originally entered into on or about September 20, 2016 as Lease No. 1095727-01 (the "Lease").
17  Declaration of Margarita Ramos in Support of Debtor's Objection to Claim No. 115 (Decembre)
18  ("Ramos Declaration"), at ¶ 3. The Lease required Ale Transportation to make 24 monthly lease
19  payments of $1,850.01, commencing on November 5, 2016. Ramos Declaration, at ¶ 4.

20  　　5.　　Ale Transportation made eight lease payments, two of which were returned as NSF
21  transactions (which were subsequently paid), and one of which was late, and one additional
22  partial payment of $1,000.00.[1] Thus, Ale Transportation failed to timely make the July 2017
23  monthly lease payment (due on July 5, 2017 in the amount of $1,850.01, but paid on July 21,
24  2017 in the amount of $1,000.00). Due to the failure to timely make the July 2017 payment (and
25  all subsequent payments), Ale Transportation defaulted on the Lease. Ramos Declaration, at ¶ 5.

26  　　6.　　Despite numerous requests and demands for payment, Ale Transportation failed to

---

[1] The Decembre Claim indicates that no payment was made for the month of February 2017. However, NFC's records reflect a payment made on February 7, 2017. Ale Transportation has been properly credited for such payment.

make any further payments as required by the Lease. Based on the lease default by Ale Transportation, NFC exercised its rights under the Lease to repossess and dispose of the leased truck. On or about October 6, 2017, NFC exercised its rights to repossess the vehicle pursuant to a default under Section 12(A) of the Lease. Ramos Declaration, at ¶ 6.

7. It is uncontestable, and admitted by Decembre, that the purpose of the Lease was to provide Ale Transportation (Decembre's fictitious business entity) with the use of a semi-truck in order to allow Ale Transportation to engage in commercial activity, specifically, a commercial trucking operation. (See Paragraphs 9, 28 and 29 of the verified complaint attached to the December Claim). There can be no argument that the Lease was entered into by Ale Transportation and/or Decembre "primarily for a personal, family or household purpose."

**B.      Basis for Objection to Decembre Claim**

8. First, as set forth above, the Lease indisputably was for a commercial purpose. However, the Decembre Claim, at its foundational level, relies on the New Jersey consumer protection statutes as the basis for the claim. While it is difficult to track each of the byzantine references made in the complaint attached to the Decembre Claim,[2] the invocation of the consumer protection scheme in New Jersey is predicated on the supposition that Ale Transportation, the lessee in this case, is in fact a "consumer" within the meaning of such statutes. However, the New Jersey statutory scheme makes clear that commercial transactions, whether entered into by individuals or entities, do not fall within those protections asserted by Decembre.

9. Thus, the primary claim that the Lease does not comply with the New Jersey consumer protection regulatory scheme is irrelevant in that the subject Lease is excluded from such statutes either by: (i) its non-personal, family or household purpose ("'Consumer contract' means a written agreement in which an individual: (a) Leases or licenses real or personal property; . . .(d) Borrows money; (e) Purchases real or personal property; . . . for cash or on

---

[2] For example, the reference to N.J.A.C. 13:45A 26.14 in paragraph 55 of the complaint actually refers to the New Jersey Lemon Law statute; the reference to N.J.A.C. 56:8-2.23 in paragraph 54 of the complaint appears to be a typo (that section addresses disclosure requirements of for-profit "Goodwill" type ventures); the reference to N.J.A.C. 56:8-2.13 in paragraph 54 of the complaint addresses the cumulative rights available under a statute prohibiting the "misrepresentation of identity of food items in menus or advertisements of eating establishments."

credit and the money, property or services <u>are obtained for personal, family or household purposes</u>" [Emphasis added]. See, N.J.A.C 56:12-1); (ii) its subject matter ("This act <u>shall not apply</u> to the sale of motor vehicles . . ." [Emphasis added] See, N.J.A.C. 56:8-2.20); (iii) its status as a commercial lease, as the "lease requirements" under the New Jersey Consumer Protection Leasing Act (N.J.A.C. 56:12-62(g)) asserted by Decembre are not applicable to the Lease pursuant to N.J.A.C. 56:12-61 (Definition of leases that are subject to the Consumer Protection Leasing Act: "'Lease' means a contract or other agreement between a lessor and a lessee, other than a fleet lease, a fair market value <u>commercial lease</u>, or a TRAC lease, . . ." [Emphasis added]).

10. To the extent Decembre asserts any claim to usury damages, such claim is inapplicable to lenders licensed under California's Finance Lender Law. NFC is in fact licensed under such law as California Finance Lender licensee number 603L261. A true and correct copy of the NFC license is attached to the Exhibit Document as Exhibit 2. Therefore, no usury claim is applicable.

11. Second, even in the event the Court finds that there may be a legal basis for the Decembre Claim, the Decembre Claim contains no documentation or evidence upon which the Debtor can ascertain the amount of any such claim. It appears that the complaint attached to the Decembre Claim seeks to invalidate the Lease (including but not limited to certain provisions of the Lease with respect to the calculation of the terminal value of the truck, and the forum selection clause), thereby eliminating the lease deficiency claim against Ale Transportation and/or Decembre, as well as seeking unspecified treble damages. However, there is no articulated calculation of the $388,000 claim amount in, or attached to, the Decembre Claim. Thus, there is no way to validate such amount or any portion thereof.

12. Finally, NFC reserves all of its rights and remedies with respect to any and all amounts owing by Ale Transportation and/or Decembre pursuant to the terms of the Lease, including but not limited to the following:

　　　　a.　Unpaid Lease Payments:　　　$ 28,600.16

　　　　b.　Late charges:　　　　　　　　$ 1,735.00

| | | |
|---|---|---|
| c. | Repossession costs: | $ 750.00 |
| d. | Transportation costs: | $ 806.33 |
| e. | Toll Violation(s) | <u>$ 5,108.95</u> |
| f. | **Deficiency Balance Due:** | **$ 37,000.44** |

Ramos Declaration, at ¶ 8.

13. There is no reasonable basis for the $388,000 claim amount set forth in the Decembre Claim. As such, the Court should disallow such amount as arbitrary and capricious.

## CONCLUSION

For all the foregoing reasons, the Reorganized Debtor respectfully requests that the Court enter its order:

1. Disallowing the Decembre Claim in its entirety; and
2. For such other relief as is just and proper.

Dated: November 19, 2018

                         FELDERSTEIN FITZGERALD
                         WILLOUGHBY & PASCUZZI LLP

                         By:*/s/ Paul J. Pascuzzi*
                              PAUL J. PASCUZZI
                              Attorneys for Nations First Capital, LLC