STEVEN H. FELDERSTEIN, State Bar No. 056978
PAUL J. PASCUZZI, State Bar No. 148810
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY PASCUZZI & RIOS LLP
500 Capitol Mall, Suite 2250
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
ppascuzzi@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Nations First Capital

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>NATIONS FIRST CAPITAL, LLC,<br>a California limited liability company,<br><br>Reorganized Debtor | CASE NO. 18-20668-C-11<br><br>Chapter 11<br><br>FWP-22<br><br>Date: September 18, 2019<br>Time: 11:00 a.m.<br>Courtroom: 35<br>501 I Street, 6th Floor<br>Sacramento, CA |

**REORGANIZED DEBTOR'S RENEWED MOTION FOR ENTRY OF FINAL DECREE AND CLOSING OF CHAPTER 11 CASE**

Nations First Capital, LLC, the Reorganized Debtor herein ("Reorganized Debtor") pursuant to the provisions in the Debtor's Plan of Reorganization (dated July 17, 2018) [Docket No. 174], (the "Plan"), hereby requests the Court to enter its (a) final decree and (b) order closing the case (the "Motion"). This Motion is based on the Declaration of J. Daniel Summers filed in support of this Motion ("Summers Decl.").

**REQUESTED RELIEF**

The Reorganized Debtor respectfully requests the following relief:

    a.    Entry of a final decree and order closing case; and

    b.    For such other and further relief as is just and appropriate.

///

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. §§ 105 and 350 and Rule 3022 of the Federal Rules of Bankruptcy Procedure. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O).

## BACKGROUND

As described in the disclosure statement filed in support of the Plan, the Reorganized Debtor's bankruptcy case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on February 7, 2018. Summers Decl. ¶ 2. A creditors' committee was appointed in the Chapter 11 Case pursuant to an order of the Court dated April 4, 2018 [Docket No. 75]. *Id*. ¶3.

On August 30, 2018, this Court entered its Order Confirming Debtor's Plan of Reorganization (dated July 17, 2018) [Docket No. 174]. The Effective Date of the Plan was September 14, 2018. *Id*. ¶4. Upon the Effective Date of the Plan, the Reorganized Debtor assumed the business operations management of the property dealt with by the Plan. Further, upon the Effective Date, pursuant to Section 9.2 of the Plan, the creditors' committee was terminated and the Post Confirmation Advisory Board (the "PCAB") was constituted pursuant to Section 6.20 of the Plan. *Id*. The PCAB has reviewed the Motion and supports the relief requested herein. *Id*.

On November 20, 2018, the Reorganized Debtor filed two objections to claims, one of which, the Decembre Claim objection [Docket No. 289], was initially sustained at the hearing on January 9, 2019 as reflected by order of this Court entered on January 16, 2019 [Docket No. 306] ("Decembre Order"), and one of which, the Hawkins Claim objection [Docket No. 283], was heard on January 9, 2019 and was sustained by order of this Court entered on March 12, 2019 [Docket No. 316]. *Id*. ¶5.

Subsequently, claimant Decembre sought reconsideration of the Decembre Order, which resulted in this Court vacating that order and abstaining from a substantive determination of the Decembre Claim. Instead, this Court ordered that the Decembre Claim be liquidated as to amount in the New Jersey Superior Court (See, Order Granting Reconsideration Abstaining Pursuant to 28 U.S.C. §1334(c)(1) [Docket No. 342] and Order Denying Reorganized Debtor's Motion for

Reconsideration of Order Granting Reconsideration [Docket No. 361]). *Id*. ¶6.[1] Accordingly, there is nothing further that this Court need undertake with respect to the Decembre Claim.

With respect to payments due under the Plan:

    a.    The Reorganized Debtor paid 100% of the Class 3 Administrative Convenience Class Claims on or about January 12, 2019. Under the Plan, the Reorganized Debtor was scheduled to pay 50% of such claims on January 12, 2019 and the remaining 50% on May 12, 2019. However, due to the small number and amount of such claims, the Reorganized Debtor determined it was in the best interests of all parties to simply pay 100% of such claims on the initial payment date;

    b.    The Reorganized Debtor distributed the initial scheduled January 2019 Plan Payment of $20,000 on February 8, 2019, and has distributed each subsequent Plan Payment thereafter through and including the July 2019 Plan Payment on August 9, 2019. All Allowed Claims received their appropriate pro rata distribution under the Plan. The Reorganized Debtor anticipates distributing each subsequent scheduled monthly payment on or about the 11th day of the following month thereafter.

    c.    The Reorganized Debtor has paid all administrative claims in full or in accordance with an agreement between the Reorganized Debtor and the administrative claimant.

    d.    The Debtor has been required to pay $4,875 in U.S. Trustee fees every quarter post-confirmation and expects to be required to pay not less than such amount every quarter going forward if the requested relief is not granted. *Id*. ¶7.

The Plan has been substantially consummated and the administration of the estate is essentially complete. The Reorganized Debtor does not contemplate the need for further Court jurisdiction or intervention as of September 30, 2019. *Id*. ¶8.

Accordingly, the Reorganized Debtor respectfully requests the Court to enter a final decree and to close the case as of September 30, 2019.

## DISCUSSION

Bankruptcy Code section 350(a) provides that "[a]fter an estate is fully administered and

---

[1] The Reorganized Debtor has filed a Notice of Appeal with respect to the Order Denying Reorganized Debtor's Motion for Reconsideration of Order Granting Reconsideration. However, as set forth below, this should not prevent the closing of this case.

the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 similarly provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

Section 6.23 of the Plan provides:

> At such point as the Court determines, upon noticed motion of the Reorganized Debtor or other party in interest, that all pending Claims objections, contested matters and adversary proceedings have been resolved, or that the Case need not remain open despite pending objections, matters or proceedings, the Case may be closed by the terms of a final decree of the Court; provided that the Case will be reopened thereafter if necessary to facilitate any actions contemplated by the terms of the Plan. The fact that some or all of the distributions to Creditors remain to be made shall not, in and of itself, constitute grounds for keeping the Case open when the Reorganized Debtor requests that the Case be closed.

The Court should enter a final decree and order closing the case because the estate has been fully administered for purposes of Bankruptcy Code section 350(a). The meaning of "fully administered," while nowhere defined in the Code, does not require that all payments required by a plan have been completed. *In re Kleigl Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999); *see also In re Jordan Mfg. Co.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a default under a plan should not delay entry of a final decree). Nor is there any requirement that all appeals be concluded. *Nesselrode v. Provident Fin., Inc. (In re Provident Fin., Inc.)*, 2010 Bankr. LEXIS 5047, 2010 WL 6259973 (B.A.P. 9th Cir. Oct. 12, 2010) (closing a chapter 11 case despite a pending appeal).

According to the 1991 Advisory Committee Note to Rule 3022, the Court should consider the following non-exclusive factors to determine whether an estate has been fully administered: (1) whether the order confirming the plan has become final; (2) whether deposits required by the plan have been distributed; (3) whether the property proposed by the plan to be transferred has been transferred; (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan; (5) whether payments under the plan have commenced; and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved. Again, it is important to note that not all of the foregoing factors need be present to determine a case has been fully administered and that the entry of a final decree is

RENEWED MOTION FOR
ENTRY OF FINAL DECREE

1　appropriate. *See Graves v. Rebel Rents, Inc.* (*In re Rebel Rents, Inc.*), 326 B.R. 791, 804 (Bankr.
2　C.D. Cal. 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) ("[A]ll
3　of the factors in the Committee Note need not be present before the Court will enter a final
4　decree.")).

5　　　　　Here, the relevant factors favor entry of a final decree. The order confirming the Plan was
6　entered on August 30, 2018, and the Plan became effective on September 14, 2018. There were no
7　deposits required by the Plan to be distributed. As of the Effective Date, the Reorganized Debtor
8　assumed the business operations management of the property dealt with by the Plan.

9　　　　　The payments under the Plan have commenced. As set forth above, the Reorganized Debtor
10　has made all scheduled Plan Payments to date (including accelerated Plan Payments to the Class 3
11　Administrative Convenience Class) and the Reorganized Debtor will continue distributing the
12　scheduled Plan Payments consistent with the terms of the Plan. The Reorganized Debtor is current
13　on all of its quarterly post-confirmation financial reports and all U.S. Trustee fees have been paid.

14　　　　　There are no outstanding motions, contested matters, or adversary proceedings, to be
15　resolved by this Court as this Court has abstained from determining the Decembre Claim. Thus,
16　the Decembre Claim will be resolved by either the Ninth Circuit Bankruptcy Appellate Panel or the
17　New Jersey Superior Court.[2] If the Decembre Claim is established in an amount certain, then that
18　amount will be treated under the Plan and such Allowed Claim will participate in the scheduled
19　Plan Payments, per Section 7.3 of the Plan. That treatment is established under the terms of the
20　confirmed Plan and there is nothing for this Court to adjudicate in that regard. Conversely, if the
21　Decembre Claim is established at zero, that treatment also is provided for under the Plan and does
22　not require any adjudication by this Court.

23　　　　　Accordingly, there is nothing left for this Court to adjudicate in the Chapter 11 case.
24　Moreover, "[t]he court should not keep [a] case open only because of the possibility that the court's
25　jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991).
26　*See also Provident Fin., Inc., supra.* Finally, the entry of a final decree closing this case will: (i) be

---

[2] To the extent any ruling by the Ninth Circuit Bankruptcy Appellate Panel necessitates further adjudication by this Court, the Reorganized Debtor would stipulate to the reopening of the case under 11 U.S.C. §350(b).

without prejudice to any motion to the Court to reopen case pursuant to section 350(b) of the Bankruptcy Code; and (ii) stop the accrual of unnecessary and costly administrative expenses and U.S. Trustee fees, including the U.S. Trustee fee of $4,875 every quarter.

The Motion complies with the Plan's procedures for closing the case. In sum, the administration of the estate is essentially complete, and the Reorganized Debtor does not anticipate the need for this Court's further jurisdiction over or intervention in this case as of September 30, 2019.

## CONCLUSION

Based on the foregoing, the Reorganized Debtor respectfully requests the Court to enter an order granting the relief requested herein.

Dated: August 20, 2019

        FELDERSTEIN FITZGERALD
        WILLOUGHBY PASCUZZI & RIOS LLP

       By:*/s/ Paul J. Pascuzzi*
        PAUL J. PASCUZZI
        Attorneys for Reorganized Debtor