



# CROWLEY & CROWLEY
### ATTORNEYS AT LAW
### 20 PARK PLACE
### MORRISTOWN, NJ 07960
### (973) 829-0550

TELECOPIER: (973) 829-1888
E-MAIL: cclawnj@aol.com

NOEL C. CROWLEY
Also Admitted in New York

MICHAEL C. CROWLEY

SCOTT G. CROWLEY
Also Admitted in Virginia

FILED
SEP 05 2019
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

September 3, 2019

<u>VIA FEDERAL EXPRESS</u>

Hon. Christopher M. Klein,
United States Bankruptcy Court for the
   Eastern District of California, Sacramento Division
501 I Street, 6th Floor, Courtroom 35
Sacramento, CA 95814

      Re:  In re NATIONS FIRST CAPITAL, LLC, a California limited liability
           company, Reorganized Debtor
           Case No. 18-20668-C-11

Dear Judge Klein:

      I write as attorney for Jean G. Decembre, a creditor in the captioned proceeding, which pursuant to this court's order of abstention dated June 13, 2019 (and thereafter reaffirmed on motion for reconsideration), is now before the Superior Court of New Jersey, Passaic County.

      Defendant Nations First Capital, LLC (hereinafter "First Capital"), the Debtor in this proceeding, has filed a notice of appeal seeking to have the aforesaid order reviewed by the Bankruptcy Appellate Panel of the United States District Court of Appeals for the Ninth Circuit.

      Concurrent with the filing of that notice of appeal, First Capital also moved for a renewed motion for an order for the entry of a final decree concluding the bankruptcy proceeding.

      Nowhere in First Capital's papers in support of its motion for an order concluding the case has it sought to explain why this court, having abstained in favor of a New Jersey state court, should be expected to adjudicate defendant's motion. First Capital has likewise failed to establish why the jurisdiction of this court is unaffected by the pendency of this case on appeal.

      Plaintiff also objects to Debtor's motion on the ground it provides no funding or security for the payment of plaintiff's various claims, which if successful will mandate an award of treble damages plus attorney fees, which despite eventual reduction are expected to be substantial.

## CROWLEY & CROWLEY

Hon. Christopher M. Klein,
United States Bankruptcy Court for the
　Eastern District of California, Sacramento Division
September 3, 2019
Page 2

　　The need for such security may conceivably require exercise of the power reserved in the Order of this Court dated February 13, 2013, a copy of which is attached. As shown therein, the order reserved the power to recoup premature payments of priority claims.

　　It must also be recalled that this court when it rendered its decision on abstention explicitly recognized it would delay closing of the proceeding, and consciously accepted that drawback in ruling as it did. The pertinent part of this court's opinion reads as follows:

> This court is mindful that abstaining will delay the closing of the Revested Debtor's Chapter 11 case, but the attendant delay does not outweigh the value of resolving state law issues on their merits.

　　　　　　　　　　　　　　　　Respectfully yours,

　　　　　　　　　　　　　　　　*[signature]*

　　　　　　　　　　　　　　　　Noel C. Crowley

NCC/l
Enclosure

cc:　Paul J. Pascuzzi, Esq. (via facsimile, w/ enclosure)
　　　David L. Menzel, Esq. (via facsimile, w/ enclosure)

```
                UNITED STATES BANKRUPTCY COURT
                 EASTERN DISTRICT OF CALIFORNIA
                      SACRAMENTO DIVISION
```

                                      FILED
                                   FEB 13 2018
                          UNITED STATES BANKRUPTCY COURT
                          EASTERN DISTRICT OF CALIFORNIA

In re                          )   No.  18-20668-C-11
                               )
NATIONS FIRST CAPITAL, LLC,    )
                               )
        Debtor.                )   Docket Control No. FWP-1
                               )
                               )
                               )
                               )
_____)

                    **ORDER ON MOTION TO PAY**

   The parties came before the court on February 13, 2018 at 10:30 a.m. on the debtor's Motion to Pay.  Upon consideration of the record and arguments of counsel, and for the reasons stated on the record at the hearing,

   **IT IS ORDERED** that the Motion to Pay is granted as an exercise of the court's discretion to authorize premature distribution of priority claims.  The payment is subject to the condition that such payment may eventually need to be recouped if the case becomes administratively insolvent.  No ruling is made with respect to the doctrine of necessity.

Dated: February 13, 2018

                                   _____
                                   United States Bankruptcy Judge